IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 21-238 |
| | : | |
| ASA JACKSON | : | |

## MEMORANDUM

KEARNEY, J.                                                                March 31, 2023

Asa Jackson requested we appoint counsel from our experienced Criminal Justice Act Panel to defend grand jury charges of being a felon in possession of a firearm. Conviction would require us to apply a minimum fifteen-year sentence and up to life in prison set by Congress in the Armed Career Criminal Act. Mr. Jackson's appointed counsel vigorously represented him in pre-trial motions, plea negotiations, trial, post-trial motions, and in sentencing. A jury returned a guilty verdict considering overwhelming testimony and video evidence on March 22, 2022. We set sentencing for mid-July 2022.

But then the landscape changed to Mr. Jackson's considerable benefit. The Solicitor General, interpreting a March 2022 Supreme Court decision, directed the Department of Justice on sentencing policy resulting in the United States and Mr. Jackson's experienced appointed attorney jointly recommending, with Mr. Jackson's consent, a 108-month custodial sentence rather than the minimum of 180 months arguably applying weeks earlier. We accepted the recommendation of 108 months of custody. Mr. Jackson now seeks habeas relief claiming his requested attorney provided ineffective assistance because Mr. Jackson did not know he would not be facing a minimum fifteen-year sentence. But neither did his attorney, nor the United States, nor us. Mr. Jackson benefitted from the timing of the Solicitor General's direction. We summarily deny his habeas petition based on ineffective assistance. We deny a certificate of appealability.

## I.      Background

Our grand jury indicted Asa Jackson for possession of a firearm by a felon.[1] Mr. Jackson had earlier juvenile adjudications and nine adult convictions.[2] The United States sought the fifteen-year mandatory minimum under the Armed Career Criminal Act because of Mr. Jackson's earlier convictions.[3]

We replaced the Federal Defender with experienced counsel from our Criminal Justice Act Panel at Mr. Jackson's request long before trial.[4] We appointed Attorney Jeremy Ibrahim from the Criminal Justice Act Panel.[5] The United States, counsel Ibrahim, and we understood Mr. Jackson may be subject to a sentencing enhancement of a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act. Congress, in the Armed Career Criminal Act, sets a maximum sentence of life imprisonment and a mandatory minimum sentence of fifteen years imprisonment for a defendant with three earlier convictions for a "serious drug offense."[6]

Attorney Ibrahim represented Mr. Jackson through pre-trial motions, plea negotiations, and eventual trial in March 2022. Our jury considered the evidence. The jury found Mr. Jackson guilty of "knowingly possess[ing] a firearm, loaded with three live rounds of .32 caliber ammunition . . . knowing he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year" on March 22, 2022.[7] Mr. Jackson, through Attorney Ibrahim, moved for post-trial relief.[8]  We denied his comprehensive motion.[9]

We set sentencing for July 12, 2022. Attorney Ibrahim timely requested a brief continuance of the sentencing. We continued the hearing at Mr. Jackson's request to July 28, 2022.[10] Lucky for Mr. Jackson.

The landscape changed on July 15, 2022 when the United States Solicitor General directed the Department of Justice on how it should treat multiple criminal offenses in an Armed Career

Criminal Act charge. The Solicitor General's direction arose from the Supreme Court's opinion in *Wooden v. United States* on March 7, 2022.[11]The Supreme Court addressed whether multiple criminal offenses committed in succession as part of a single crime spree occurred on different "occasions" for purposes of sentence enhancements under the Armed Career Criminal Act.[12] The Supreme Court unanimously concluded a single crime spree is a single "occasion" even if it resulted in multiple convictions.[13] The United States Solicitor General later determined, in light of the *Wooden* decision, the United States must now plead and prove to a jury beyond a reasonable doubt a defendant committed Armed Career Criminal Act predicate offenses on different occasions from one another.[14]

The Solicitor General offered his determination on July 15, 2022, after the United States filed its initial sentencing Memorandum before us.[15] The United States then changed its position on whether the Armed Career Criminal Act applies to Mr. Jackson because it did not charge the pertinent facts in the indictment and did not seek a jury verdict on whether the predicate offenses were committed on different occasions.[16] The United States conceded in its July 19, 2022 supplemental sentencing Memorandum the Armed Career Criminal Act should not apply and the maximum sentence for Mr. Jackson's section 922(g) offense should be set at ten years, with no mandatory minimum term.[17] The United States recommended Mr. Jackson be sentenced to the full ten-year maximum sentence now applicable.[18]

Mr. Jackson, through Attorney Ibrahim, reached a joint Sentence Agreement with the United States on July 26, 2022 recommending a sentence of 108 months, 3 years of supervised release, and payment of the $100.00 special assessment.[19] We sentenced Mr. Jackson to 108-month imprisonment on July 28, 2022.[20]

II.     Analysis

    A.  We deny Mr. Jackson's Petition.

Mr. Jackson now moves for habeas relief alleging ineffective assistance of trial counsel.[21] Mr. Jackson argues Attorney Ibrahim did not tell Mr. Jackson the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act would not be pursued at sentencing.[22] Mr. Jackson argues Attorney Ibrahim's failure to relay the inapplicability of the Armed Career Criminal Act to Mr. Jackson prevented him from negotiating a favorable plea deal because Mr. Jackson believed he could not get a sentence below fifteen years.[23] We disagree with Mr. Jackson. He is assuming his lawyer could have known and predicted the Solicitor General's July 15, 2022 direction to the prosecutors months earlier.

Mr. Jackson could not have negotiated a favorable plea deal considering not being subject to the Armed Career Criminal Act's fifteen-year mandatory minimum. The United States did not stop pursuing Armed Career Criminal Act enhancements until July 19, 2022, nearly four months after Mr. Jackson's conviction.[24] This change of course only resulted from the Solicitor General's interpretation of *Wooden v. United States* on July 15, 2022.[25] The United States acknowledged, and we agree, Mr. Jackson benefitted from the timing of *Wooden* and the United States not knowing its requirement to prove predicate offenses at trial for Armed Career Criminal enhancements to apply.[26] Attorney Ibrahim could not have relayed the fact Mr. Jackson would not be subject to a fifteen-year mandatory minimum to Mr. Jackson because the plea negotiations occurred long before the Solicitor General's July 15, 2022 interpretation of the *Wooden* ruling.[27] Mr. Jackson's ineffective assistance of counsel claim fails because Attorney Ibrahim's alleged failure to relay the inapplicability of the Armed Career Criminal Act did not, and could not have, prejudiced Mr. Jackson during the plea negotiations.[28]

4

Mr. Jackson faced a ten-year maximum sentence after the United States conceded the Armed Career Criminal Act should not apply to Mr. Jackson. Attorney Ibrahim and the United States then reached a Sentence Agreement on July 26, 2022, recommending we sentence Mr. Jackson to 108 months imprisonment.[29] The 108-month recommendation is one year lower than the ten-year maximum sentence sought by United States. We sentenced Mr. Jackson to 108 months imprisonment after considering the Sentence Agreement, the parties' sentencing memoranda, and the 18 U.S.C. § 3553(a) sentencing factors.[30]

Attorney Ibrahim's representation of Mr. Jackson is not ineffective. Mr. Jackson successfully reached a sentencing agreement one year below the ten-year statutory maximum recommended by the United States.[31] Mr. Jackson went from facing a fifteen-year mandatory *minimum* to receiving a 108-month (nine years) sentence once Attorney Ibrahim learned the United States dropped the Armed Career Criminal Act enhancements. Attorney Ibrahim did not prevent Mr. Jackson from receiving a more favorable deal. Attorney Ibrahim immediately advocated for a sentence below the statutory maximum upon learning the United States would not be pursuing the Armed Career Criminal Act sentencing enhancements.[32]

### B. There is no basis for a certificate of appealability.

We cannot find a basis for a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[33] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[34] Mr. Jackson "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further."[35] We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Jackson's claims.

### III. Conclusion

We deny Mr. Jackson's petition for habeas relief under 28 U.S.C. §2255 and decline to issue a certificate of appealability.

---

[1] ECF Doc. No. 1. Mr. Jackson assaulted two women with a firearm on May 10, 2020.

[2] ECF Doc. No. 99 at 5–7. Mr. Jackson had seven prior felony convictions, mostly for drug trafficking.

[3] ECF Doc. No. 99.

[4] ECF Doc. Nos. 20, 23.

[5] ECF Doc. No. 23.

[6] 18 U.S.C. § 922(e).

[7] ECF Doc. No. 81.

[8] ECF Doc. No. 86.

[9] ECF Doc. No. 90.

[10] ECF Doc. Nos. 91, 92.

[11] 142 S. Ct. 1063 (2022).

[12] *Id.*

[13] *Id.*

[14] ECF Doc. No. 100 at 1; ECF Doc. No. 101 at 1–2.

[15] EFC Doc. No. 100 at 1.

[16] ECF Doc. No. 100.

[17] *Id.* at 3. The United States also acknowledged "[Mr.] Jackson is benefitting simply from the fortuity that *Wooden* was decided after he was convicted and before he was sentenced, reducing the maximum sentence from life (and eliminating the mandatory minimum of 15 years) because the government was not aware of the requirement that the jury find the qualifying facts, something that any rational jury would have done without hesitation." *Id.* at 4. It argues "there is also no real dispute that ACCA applies. He had five prior convictions for qualifying drug offenses, and there is no question that those offenses – involving arrests that occurred on February 1, 2000, January 3, 2001, January 4, 2002, June 13, 2007, and August 19, 2010 – were committed on 'different occasions.'" *Id.*

[18] *Id.* at 5.

[19] ECF Doc. No. 104; ECF Doc. No. 107.

[20] ECF Doc. No. 108.

[21] ECF Doc. No. 111.

[22] *Id.* at 3.

[23] *Id.* at 13.

[24] ECF Doc. No. 100.

[25] *Id.* at 1.

[26] *See id.* at 4.

[27] *See* ECF Doc. No. 100; ECF Doc. No. 104.

[28] "Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) that any such deficiency was 'prejudicial to the defense.'" *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (citations omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Mr. Jackson does not allege Attorney Ibrahim's actions fell below an objective standard of reasonableness. *See* ECF Doc. No. 111.

[29] ECF Doc. No. 107.

[30] ECF Doc. Nos. 99, 100, 101, 104, 107.

[31] ECF Doc. No. 107.

[32] ECF Doc. Nos. 101, 104, 107.

[33] 28 U.S.C. § 2253(c)(1)(A).

[34] 28 U.S.C. § 2253(c)(2).

[35] *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).