IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
| | : |
| v. | : NO. 21-238 |
| | : |
| ASA JACKSON | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                     February 28, 2024

We sentenced Asa Jackson nearly two years ago to 108 months of incarceration after a jury found him guilty of possessing a firearm as a felon. Mr. Jackson committed the instant offense while serving a sentence of probation for a separate criminal offense. We varied downward from the then-recommended 235 to 293 months incarceration.

Mr. Jackson moves for a further reduced sentence under a recent amendment to the Sentencing Guidelines allowing federal sentencing judges to reduce earlier sentences if the convicted person committed the offense while under a criminal justice sentence. The Sentencing Commission eliminated the two-point criminal history score increase where the defendant committed the instant offense while on probation requiring we reduce the defendant's criminal history score by two points. But the Sentencing Commission does not allow us to lower the sentence retroactively to a term less than the minimum of the amended guidelines range now set at a lower criminal history score level.

The Sentencing Commission prevents us from reducing Mr. Jackson's sentence even with his criminal history score reduction. Mr. Jackson's amended guidelines range would only now allow us to sentence him to 210 to 262 months incarceration. We sentenced Mr. Jackson to 108

months incarceration. The new sentencing recommendations do not apply. We deny his motion for reduction.

I. **Background**

Our Grand Jury returned a single-count indictment against Asa Jackson charging him with possessing a firearm as a felon.[1] He possessed the firearm while serving a sentence of probation imposed by the Court of Common Pleas of Philadelphia County. Mr. Jackson proceeded to trial and the jury returned a guilty verdict on March 22, 2022.[2]

Mr. Jackson agreed to the probation officer's and his attorney's calculation of an offense level of thirty-three and a criminal history score of thirteen rendering a criminal history category of VI. Mr. Jackson's criminal history score increased from eleven points to thirteen points because he possessed the firearm while on probation on the Philadelphia County matter. The Sentencing Commission then recommended we sentence Mr. Jackson to 235 to 293 months of imprisonment.

We sentenced Mr. Jackson to 108 months incarceration and three years supervised release on July 28, 2022.[3] Mr. Jackson's term of incarceration will end on January 9, 2028.

II. **Analysis**

Mr. Jackson now asks we reduce his sentence under his amended guidelines range.[4] Mr. Jackson asks us to apply the Sentencing Commission's recent amendment and eliminate the two-point criminal history score enhancement imposed at the time of sentence.[5]

The Sentencing Commission's two-point criminal history score reduction applies to Mr. Jackson. But reducing his criminal history score has no bearing on our ability to reduce Mr. Jackson's sentence. The Sentencing Commission prevents us from lowering Mr. Jackson's sentence "to a term that is less than the minimum of the amended guideline range."[6]

Mr. Jackson agreed with the calculation of a criminal offense level of thirty-three and a criminal history score of thirteen placing Mr. Jackson in category VI when we sentenced him on July 28, 2022.[7] The Sentencing Commission then recommended 235 to 293 months incarceration. We sentenced Mr. Jackson to 108 months incarceration and three years supervised release.[8] Applying the Sentencing Commission's two-point criminal history score reduction amends Mr. Jackson's criminal history score to eleven and category V. The Sentencing Guidelines range for a criminal offense level of thirty-three and criminal history category of V is 210 months to 262 months incarceration. The Sentencing Commission's Policy Statement 1B1.10(b)(2)(A) prevents us from re-sentencing Mr. Jackson below the 210 month low-end of his amended sentence range.

We sentenced Mr. Jackson to 108 months. We lack a basis to reduce the sentence below 108 months.

### III. Conclusion

Asa Jackson moves for a reduced sentence citing the Sentencing Commission's newly issued two-point criminal history score reduction amendment. Mr. Jackson cannot seek relief under the new amendment because his original sentence remains below his amended sentence range. We deny Mr. Jackson's motion for reduction of sentence.

---

[1] ECF No. 1.

[2] ECF No. 81.

[3] ECF No. 108 at 2–3.

[4] ECF No. 114. We referred Mr. Jackson's *pro se* Motion to the Federal Community Defender Office for the Eastern District of Pennsylvania to determine whether it would seek appointment to represent Mr. Jackson. ECF No. 115 ¶ 1. The Federal Community Defender Office did "not have anything to add" to Mr. Jackson's Motion and declined appointment.

---

[5] *Id.*

[6] U.S.S.G. § 1B1.10(b)(2)(A).

[7] ECF No. 108 at 2–3.

[8] *Id.*